UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Walter O. Singh,

    Plaintiff,

v.

The City of Minneapolis, Officer Linda S. Chaplin (Badge # 001432) and Officer Michael P. McCarthy (Badge #004520), acting in their individual capacities as Minneapolis Police Officers, Abbott Northwestern Hospital, Christopher Chicoine, acting in his individual capacity as an employee of Abbott Northwestern Hospital,

    Defendants.

Civil No. 05-2888 (JMR/FLN)

**REPORT AND RECOMMENDATION**

*Pro Se* Plaintiff.
Brian Benkstein, for Defendant.

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 15, 2006, on Defendant Abbott Northwestern Hospital's Motion to Dismiss [#36]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Defendant Abbott Northwestern Hospital's Motion to Dismiss [#36] be granted.

## I.  FINDINGS OF FACT

Plaintiff Walter O. Singh brought this action against Defendant Abbott Northwestern Hospital (hereinafter "Defendant"), the City of Minneapolis and employees of both Abbott Northwestern Hospital and the City of Minneapolis. Plaintiff is suing Defendant under the Civil Rights Acts contained in 42 U.S.C. §§ 1981, 1983, 1985, 1986, and the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et seq*.

For purposes of this motion, the Court accepts all factual allegations made by the Plaintiff as true. Defendant employed Plaintiff at Abbott Northwestern Hospital. (Compl. ¶ 5.) On October 8, 2005, Christopher Chicoine, an employee of Defendant, arrested Plaintiff at his work station. (Compl. ¶¶ 9, 11.) Mr. Chicoine brought Plaintiff to a security post at the hospital. (Compl. ¶ 11.) Plaintiff remained, against his will, at the security post until the Minneapolis police arrived to take Plaintiff into custody. (Compl. ¶¶ 11, 12.) In his complaint, Plaintiff makes further factual allegations of assault, battery and false arrest, but they are not related to Defendant. (Compl. ¶¶ 13-19.) In fact, employing Plaintiff and Mr. Chicoine are the only acts attributed to Defendant in the Plaintiff's complaint.

In count six of Plaintiff's complaint, he asserts that Defendant conspired to violate his constitutional rights in violation of 42 U.S.C. § 1983. (Compl. ¶ 49.) Plaintiff alleges Defendant's actions were in retaliation for a lawsuit that Plaintiff brought against the Minneapolis police department in another matter. (Compl. ¶ 48.)

In count seven of Plaintiff's complaint, he asserts a claim against Defendant for violation of the Minnesota Human Rights Act. (Compl. ¶ 51-55.) Plaintiff alleges that Defendant is responsible for the actions of the Minneapolis police through the doctrine of respondeat superior. (Compl. ¶ 56.)

In counts one, two, and three of Plaintiff's complaint, he asserts claims for violations of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. (Compl. ¶¶ 23-38.) The complaint does not state that these claims are being asserted against Defendant. (*Id*.) However, Plaintiff uses the term "Defendants" in a matter that could lead to ambiguity. Due to the possibility of ambiguity and the request of the Defendant, these claims will be treated as if they are being asserted against

Defendant.

Defendant now moves to dismiss counts one, two, three, six, and seven of the Plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted. For the reasons that follow, the Court recommends that Defendant's motion be granted.

## II.   STANDARD OF REVIEW

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). A cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 740 (8th Cir. 2002) (citations omitted). In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. See Turner v. Holbrook, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. In re Navarre Corp. Sec. Litig., 299 F.3d 735, 738 (8th Cir.2002).

Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. Neitzke v. Williams, 490 U.S. 319, 326-327 (1989). To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions. Springdale Educ. Ass'n v. Springdale Sch. Dist., 133 F.3d 649, 651 (8th Cir.1998).

*Pro se* pleadings should be liberally construed, and are held to a less stringent standard when challenged by motions to dismiss. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Horsey v.

Asher, 741 F.2d 209, 211 n.3 (8th Cir. 1984).  Although it is to be liberally construed, a *pro se* complaint must still contain specific facts to support its conclusions.  Kaylor v. Fields, 661 F.2d 1177, 1183 (8th Cir.1981).

### III.   LEGAL ANALYSIS

In count six, Plaintiff alleges a violation of 42 U.S.C. § 1983, which typically secures constitutional rights from infringement by governmental entities.  However, a private party, like Defendant, can be held liable under that statute when it directly engages in discriminatory actions under the "color of state law."  Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir.1993).  Liability must arise from the action, policies, or customs of Defendant, as an organization, and cannot be based upon the doctrine of respondeat superior.  *Id*.  Since Plaintiff bases this claim only upon the actions of Defendant's employee and not any actions, policies, or customs of the Defendant, it must be dismissed for failure to allege facts sufficient to support the claim.

In count seven, Plaintiff alleges a violation of the Minnesota Human Rights Act by Defendant through the actions of the Minneapolis police under the doctrine of respondeat superior.  Respondeat superior requires an agency relationship between Defendant and the Minneapolis police officers.  Melady v. S. St. Paul Live Stock Exch., 171 N.W. 806, 807 (Minn.1919).  In order for an agency relationship to exist, it must be shown that Defendant had the right to control the conduct of the Minneapolis police department.  Vieths v. Ripley, 295 N.W.2d 664 (Minn.1980).   Since Plaintiff has alleged no facts that would support an agency relationship between Defendant and Minneapolis police, the Minnesota Human Rights Act claim against Defendant must be dismissed for failure to allege facts sufficient to support the claim.

In counts one, two, and three, Plaintiff alleges violations of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1986. These sections require personal liability and cannot be based upon vicarious liability. <u>McClure v. Esparza</u>, 556 F.Supp. 569 (E.D.Mo.1983) (citing <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658, 690-92 (1978)). Plaintiff has not alleged any actions, policies, or customs that support direct liability of the Defendant. Rather Plaintiff has only alleged actions by Defendant's employee, Mr. Chicoine. Since these claims cannot be based on vicarious liability, they must be dismissed for failure to allege facts sufficient to support the claim.

A claim under 42 U.S.C.§ 1986 depends upon a 42 U.S.C. § 1985 claim. <u>McIntosh v. Arkansas Republican Party - Frank White Election Committee</u>, 766 F.3d 863 (8th Cir. 2002). Since the 42 U.S.C. § 1985 claim is dismissed against Defendant, the 42 U.S.C. § 1986 claim against Defendant must be dismissed.

## IV.   RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss [#36] be **GRANTED** .

DATED: November 10, 2006                    s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 30, 2006**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 30, 2006** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.